UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS REESE,<br>    Plaintiff, | Case No. 1:16-cv-639 |
| vs | Barrett, J.<br>Bowman, M.J. |
| MS. MAHLMAN, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against multiple SOCF employees. (*See* Doc. 1-1, Complaint at PageID 13). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

    Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, has filed a sixty claim complaint in this Court.[1] The complaint includes claims spanning from 2013 until present, covering incidents that occurred at SOCF, Trumbull County Jail, and Trumbull County Corrections. Because plaintiff's claims arising out of Trumbull County are separate and distinct from those pertaining to SOCF and these claims are properly venued in the United States District Court for the Northern District of Ohio, Eastern Division, *see* 28 U.S.C. § 1391(b), the undersigned recommends that these claims be severed and dismissed without prejudice subject to refiling in the Northern District of Ohio.

Plaintiff raises twenty three claims concerning SOCF. Claims one through seventeen of the complaint span from February 1, 2013 until September 20, 2013 and include allegations of lost property, conditions of confinement, and incidents in which plaintiff claims he was verbally accosted. (*See* Doc. 1-1, Complaint at PageID 14, 16–17).

In claim eighteen, plaintiff claims that upon being transferred to SOCF on April 15, 2016, he was strip searched and was given property that did not belong to him, including bibles. He

---

[1] Plaintiff has submitted three separate complaint forms in this action. The first two complaint forms appear to be handwritten copies, raising the same fifty two claims. (*See* Doc. 1-1 at PageID 10–21, 22–39). Plaintiff submitted a third, separate complaint form alleging that on September 20, 2013, Lt. Bauer confiscated some of his legal paperwork. (*See* Doc. 1-1 at PageID 40–45). Plaintiff also appears to raise this as claim seventeen in the first and second complaint forms. (*See id.* at PageID 17, 30).

claims that he told the correctional officer that conducted the search that he was really religious and the officer instructed him to keep the bibles. (*Id.* at PageID 17). In claim nineteen, plaintiff alleges that he was put in a cell with a leaky toilet and a burned out light. Plaintiff also indicates that religious services are not provided in isolation. (*Id.*). In claim twenty, plaintiff indicates that while being screened by medical services, he informed the nurse that he had knee and leg pain, for which he was previously prescribed ibuprofen and muscle rub. Plaintiff further indicates that almost a week later a correctional officer informed him that medical was there to see him. Plaintiff alleges that he was using the toilet at the time and told the officer to give him a minute. The officer asked him if he was refusing medical treatment, to which plaintiff claims he responded "no give me a minute." (*Id.*). However, plaintiff claims the officer left. The following day, plaintiff alleges that a nurse asked him to sign a medical release form, which he indicates he signed. (*Id.*).

In claim twenty one, plaintiff alleges that on June 2, 2016, an unknown officer searched his cell while he was in the shower. Plaintiff noticed that his toothbrush was wet and that "it smelled like it had been stuck in water rather than Colgate toothpaste." (*Id.*). Plaintiff further alleges that his radio had the volume button filed down.

In claim twenty two, plaintiff alleges that on June 3, 2016, he was denied a shower. (*Id.*). In claim twenty three, plaintiff claims he was charged for six extra boxes of snack crackers when he only purchased one. According to plaintiff, he sent a kite to Ms. Distel but he never received a response. (*Id.*). Finally, in claim twenty four, plaintiff indicates that he filed a criminal complaint and other documents—presumably in relation to being over charged for commissary—in the Scioto County courts, but that no investigation resulted. (*Id.* at PageID 18).

For relief, plaintiff seeks monetary and injunctive relief. (*Id.* at PageID 15).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. First, plaintiff's first seventeen claims are time-barred. Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012)

(in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that plaintiff's allegations in claims one through seventeen are time-barred. As noted above, plaintiff indicates that these claims arose from February 1, 2013 through September 20, 2013. Plaintiff did not commence this action until June 13, 2016. Therefore, claims one through seventeen are subject to dismissal at the screening stage on statute of limitations grounds.

Plaintiff's claims relating to the loss and/or damage to his property should also be dismissed. To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360

6

F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Although plaintiff indicates that he filed a criminal complaint in claim twenty three, plaintiff fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's conditions of confinement and medical treatment claims do not rise to the level of a constitutional violation. In claims nineteen, twenty, and twenty-two respectively, plaintiff alleges he was placed in a cell with a leaky toilet and a burned out light, was denied a visit from medical, and denied a shower. With respect to his cell placement, plaintiff fails to set forth facts showing the allegedly deficient conditions of his confinement constitute a "serious deprivation of basic human needs" such as food, medical care, or sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981). Plaintiff's claim that he was denied a shower on June 3, 2016, is also insufficient to state a claim for relief. *See Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994) (finding that isolated incidents in which guards denied the plaintiff a shower did not deprive the prisoner of the minimal civilized measure of life's necessities to support an Eighth Amendment violation).

To state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The prisoner must show that he is suffering from a "sufficiently serious" medical need, such that "he is incarcerated under

7

conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson,* 109 F. App'x. 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir. 1997)). In this case, plaintiff has not alleged that the denial of ibuprofen or muscle rub concerned a sufficiently serious medical need posing a substantial risk of serious harm. Because plaintiff's allegations do not rise to the level of a constitutional violation, these claims should also be dismissed.

Finally, to the extent that plaintiff claims that SOCF officials did not respond to his kites or grievances, these claims should be dismissed because plaintiff has no federal constitutional right to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar.13, 2012) (Litkovitz, M.J.) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted,* 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.)

Accordingly, in sum, insofar as plaintiff's complaint raises claims arising out of Trumbull County, these claims should be dismissed without prejudice subject to refiling in the Northern District of Ohio, Eastern Division where the claims are properly venued. Having found that plaintiff's claims pertaining to SOCF fail to state a claim upon which relief may be granted, the remaining SOCF claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED without prejudice** to the extent that he raises claims arising in Trumbull County, Ohio.

2. The remaining claims in Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS REESE,
    Plaintiff,

vs

MS. MAHLMAN, *et al.*,
    Defendants.

Case No. 1:16-cv-639

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).