UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS REESE,<br>    Plaintiff, | Case No. 1:16-cv-639 |
| vs | Barrett, J.<br>Bowman, M.J. |
| MS. MAHLMAN, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 4). On July 28, 2016, the undersigned issued a Report and Recommendation that the complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. 6). Plaintiff has now filed a motion for leave to file an amended complaint (Doc. 12), which is hereby **GRANTED**. However, because the amended complaint does not cure the deficiencies identified in the Court's prior Report and Recommendation, it is recommended that the amended complaint be dismissed for failure to state a claim upon which relief may be granted.

In the July 28, 2016 Report and Recommendation, the undersigned found that plaintiff's first seventeen claims were subject to dismissal on the ground that they were time-barred. (*See* Doc. 6 at PageID 98–99). Specifically, these claims arose from February 1, 2013 through September 20, 2013. Because plaintiff did not commence this action until June 13, 2016, the claims are time-barred pursuant to the two-year statute of limitations applicable to § 1983 civil rights actions arising in Ohio. (*See id.* at PageID 98).

In the amended complaint, plaintiff reiterates the same claims that were raised in the first seventeen claims in his original complaint. For example, plaintiff first claims that Lt. Bauer violated his First Amendment rights by confiscating his legal materials. (Doc. 12 at PageID 114). Although plaintiff does not indicate when this occurred in the amended

complaint, plaintiff raised this claim as claim 17 in his initial complaint and claimed the conduct occurred on September 20, 2013. (*See* Doc. 4 at PageID 62). Plaintiff further claims Lt. Felts threatened him with bodily harm for use of the grievance procedure and placed him in unsanitary conditions; that John Doe Medical C/O denied plaintiff water while on a hunger strike; that John Doe Medical C/O used the strip search procedure "for personal homosexual interests"; and that Dr. Sid made false statements in his medical file "despite knowing plaintiff was being targeted for campaign harassment, on or about Aug. 2013." (Doc. 12 at PageID 115–16). Plaintiff's claim against Lt. Felts was raised in claims 13-16 in his original complaint; his claims regarding the denial of water while he was on hunger strike as claim 10; his claims regarding the strip search procedure as claim 8; and his claims against Dr. Sid as claim 9. For the reasons stated in the Court's July 28, 2016 Report and Recommendation, these claims are subject to dismissal because they are time barred.[1]

The amended complaint also includes the allegation that "C/O Shaw and unknown Jane Doe opened and read outgoing letter of plaintiff's sent to family and read it's contends back in presence of plaintiff with no authority to dos o and no investigation pending against plaintiff." (Doc. 12 at PageID 115). However, "[i]t is . . . well-settled that prison or jail personnel do not violate the First Amendment by inspecting and reading an inmate's outgoing non-legal mail." *Frey v. Raisansen*, No. 2:14-cv-10192, 2014 WL 545794, at*2 (E.D. Mich. Feb. 11, 2014) (citing *Caldwell v. Beard,* 305 F. App'x 1, 4 (3d Cir. 2008) (prison officials did not violate the First Amendment by reading inmate's outgoing mail to his family); *Altizer v. Deeds,* 191 F.3d 540 (4th Cir. 1999) (opening and inspecting inmate's outgoing mail is reasonably related to

---

[1] Plaintiff also reiterates his claims against Linea Mahlman, Sgt. Felts, C/O Lynn, and Sgt. McCroskey, regarding the confiscation of his personal property. (Doc. 12 at PageID 115–16). For the reasons stated in the July 28, 2016 Report and Recommendation, these claims are also subject to dismissal. (*See* Doc. 6 at PageID 99–100).

legitimate penological interests and does not violate the First Amendment); *Smith v. Delo,* 995 F.2d 827, 830 (8th Cir. 1993) (prison officials are justified in screening outgoing nonlegal mail for escape plans, contraband, threats, or evidence of illegal activity); *Stow v. Grimaldi,* 993 F.2d 1002, 1004–05 (1st Cir. 1993) (state prison practice requiring that non-privileged outgoing mail be submitted for inspection in unsealed envelopes did not violate prisoner's constitutional rights); *United States v. Whalen,* 940 F.2d 1027, 1035 (7th Cir. 1991) ("it is well established that prisons have sound reasons for reading the outgoing mail of their inmates")). Therefore, plaintiff has failed to state a claim with respect to his allegation that these defendants opened and read his outgoing, non-legal mail.

Accordingly, in sum, plaintiff's amended complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for leave to file an amended complaint (Doc. 12) is **GRANTED.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                    *s/ Stephanie K. Bowman*
                    Stephanie K. Bowman
                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS REESE,
    Plaintiff,

vs

MS. MAHLMAN, *et al.*,
    Defendants.

Case No. 1:16-cv-639

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).