# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Thomas Reese,

    Plaintiff,

v.

Ms. Mahlman, et al.,

    Defendants.

Case No. 1:16-cv-00639

Judge Michael R. Barrett

## ORDER

This matter is before the Court on two of the Magistrate Judge's Report and Recommendations ("R&R"). (Docs. 6, 20). Proper notice has been given to the parties, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to both R&Rs. (Docs. 8, 21). The Magistrate Judge provided a comprehensive review of the record in the R&Rs and the same will not be repeated here.

## I. STANDARD OF REVIEW

With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. FIRST R&R

The Magistrate Judge explained that Plaintiff's Complaint includes 60 claims spanning from 2013 to 2016, when he filed the Complaint, and covers alleged incidents that occurred at the Southern Ohio Correctional Facility ("SOCF"), Trumbull County Jail, and Trumbull County Corrections. (Doc. 6, PageID 96). Regarding the 37 claims that arise out of Plaintiff's time in Trumbull County Jail and Trumbull County Corrections, the Magistrate Judge correctly determined that those claims are properly venued in the United States District Court for the Northern District of Ohio, Eastern Division, and recommended that those claims be severed and dismissed without prejudice so that Plaintiff can refile those claims in the Northern District of Ohio. *Id.* With respect to the 23 claims relating to Plaintiff's time at SOCF, the Magistrate Judge recommended that those claims be dismissed as either time-barred (claims 1 through 17) or due to Plaintiff's failure to state a claim upon which relief can be granted (claims 18 through 23). (*Id.*, PageID 99-101).

Plaintiff presents 10 objections to the Magistrate Judge's first R&R. (Doc. 8).

In his first and last objections, he asserts that it would be a miscarriage of justice to dismiss his claims without appointing him an attorney to assist him with his claims. (*Id.*, PageID 105, 108). However, Plaintiff has no constitutional right to the appointment of counsel and there are no exceptional circumstances present that convince the Court that utilizing its powers to appoint counsel is necessary in this case. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *see also* 28 U.S.C. § 1915(e).

In his second objection, Plaintiff requests that some of his claims that the Magistrate Judge found to be time-barred be excluded from the time-barred prohibition

and cites *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) for support. That case deals with termination from a prison job, a fact not readily apparent here, and the Court is not persuaded that the authority supports overruling the Magistrate Judge's recommendation regarding Plaintiff's time-barred claims.

In his third objection, Plaintiff clarifies that he did not file a criminal complaint in the Scioto County courts in relation to being over charged for commissary despite the Magistrate Judge's statement otherwise about his 23rd claim. *Compare* (Doc. 8, PageID 106), *with* (Doc. 6, PageID 97). Nevertheless, as Plaintiff states that the overcharge has since been corrected, the Court finds this claim moot. (Doc. 8, PageID 106); *see* (Doc. 4, PageID 63).

In his fourth objection, Plaintiff disagrees with the Magistrate Judge's finding that his medical treatment claims do not rise to the level of a constitutional violation. *Compare* (Doc. 8, PageID 106), *with* (Doc. 6, PageID 100-01). The Court finds this objection to be a mere disagreement with the R&R on this claim. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (Explaining that general disagreements with the Magistrate Judge fall short of Plaintiff's obligation to make specific objections to an R&R); *see also Aldrich v. Bock*, 32 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In his fifth objection, Plaintiff argues that the alleged incidents at Trumbull County Corrections and SOCF should be jointly ruled upon because they are factually intertwined. (Doc. 8, PageID 106). As stated above, the Court agrees with the Magistrate

Judge that the 37 claims that arise out of Plaintiff's time in Trumbull County Corrections are properly venued in the United States District Court for the Northern District of Ohio, Eastern Division. Plaintiff may refile those claims in the Northern District of Ohio.

In his sixth objection, Plaintiff clarifies that his toothbrush smelled like it had been stuck in toilet water, not just water. *Compare* (Doc. 8, PageID 107), *with* (Doc. 6, PageID 97). A review of the Complaint and Plaintiff's 20th claim does not reveal that Plaintiff wrote "toilet water" (Doc. 4, PageID 62); regardless, Plaintiff explains he received a new toothbrush (Doc. 8, PageID 107). Similarly, Plaintiff objects to the R&R regarding his 22nd claim that he was denied a shower. *Id.* For both Plaintiff's toothbrush and shower claim, he again fails to explain how his conditions of confinement rise to the level of a constitutional violation. (Doc. 6, PageID 101) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) and *Hinton v. Doney*, 16 F.3d 1219 (6th Cir. 1994)).

In his seventh and eighth objections, Plaintiff lists a number of claims that he believes the Magistrate Judge did not respond to and cites a list of cases that he believes support those claims. (Doc. 8, PageID 107). Although the Court can liberally interpret Plaintiff's objections, it will not manufacture arguments on his behalf. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Absent any additional argument regarding why the string citations support his claims, the Court finds no error in the R&R.

The Court agrees with Plaintiff that the Magistrate Jude did not respond to his claim that he was denied religious services. *Compare* (Doc. 6), *with* (PageID 107), *and* (Doc. 4, PageID 62). In his 19th claim, Plaintiff states that there are no religious services in isolation. *Id.* The Court believes that this claim falls under the Magistrate Judge's

4

description of Plaintiff's claims regarding his conditions of confinement and finds that, without more argument, his claims fails. *See e.g., Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that "thirty-seven days without contact visitation or religious services do not violate the Eighth Amendment because these conditions do not inflict unnecessary or wanton inflictions of pain, nor do they involve 'life's necessities,' such as water, food or shelter.").

In his ninth objection, Plaintiff states that his claims regarding his lost property have not been resolved. (Doc. 8, PageID 107). The Court finds this objection to be a mere disagreement with the R&R on this claim. *See Howard*, 932 F.2d at 509; *see also Aldrich*, 32 F.Supp.2d at 747.

## III. SECOND R&R

The Magistrate Judge allowed Plaintiff to amend his Complaint and found that the added matter should be dismissed with prejudice due to Plaintiff's failure to state a claim upon which relief can be granted. (Doc. 20). A review of Plaintiff's objections to the second R&R reveal that he either reiterates arguments already stated in his Complaint (Doc. 4) or prior objections (Doc. 8) or merely disagrees with the second R&R without providing any additional argument (Doc. 21). The Court is not persuaded. *See Howard*, 932 F.2d at 509; *see also Aldrich*, 32 F.Supp.2d at 747.

## IV. CONCLUSION

For the foregoing reasons, and after a de novo review of the filings in this matter, it is hereby **ORDERED** that the Magistrate Judge's R&Rs (Docs. 6, 20) are **ADOPTED**. Consistent with those recommendations, it is hereby **ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** to the extent that he raises claims arising in Trumbull

County, Ohio; the remaining claims in Plaintiff's Complaint are **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order will not be taken in good faith.

    **IT IS SO ORDERED.**

    _s/ Michael R. Barrett_____
    Michael R. Barrett, Judge
    United States District Court